

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2005

# Pelullo v. Natl Union Fire Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Pelullo v. Natl Union Fire Ins" (2005). *2005 Decisions.* Paper 1157.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1157

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2015
_____

LEONARD A. PELULLO;
PETER D. PELULLO TRUST;
ARIANNA G. PELULLO TRUST;
GII ENTERPRISES, INCORPORATED;
GROWTH FINANCIAL CORPORATION;
OLYMPIA RESOURCE CORPORATION;
OLYMPIA HOLDING CORPORATION;
OHA, INCORPORATED;
ONE PLAZA CORPORATION;
PETER F. PELULLO

v.

THE NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA;
WILENTZ, GOLDMAN & SPITZER; KENNETH FALK;
ADORNO & ZEDER, P.A.; FRED SCHWARTZ;
HANK ADORNO; KERR, RUSSELL & WEBER, P.L.C.;
ROBERT GISSELL; D'AMATO & LYNCH;
LEWIS, D'AMATO, BRISBOIS & BISGAARD;
RICHARD GEORGE; ALFRED D'AGOSTINO*

Leonard A. Pelullo; Peter D. Pelullo Trust; Arianna Pelullo Trust;
G.I.I. Enterprises, Inc.; Growth Financial Corporation;
Olympia Resource Corporation; OHA, Inc.;
One Plaza Corporation; Peter F. Pelullo,

Appellants

(*Amended per order dated 12/14/04)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-05647)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2005

Before:  SLOVITER, FISHER and ALDISERT, *Circuit Judges*.

(Filed:  May 19, 2005)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

## I.  Standard of Review

This Court exercises plenary review over a district court's decision to grant a motion to dismiss.  *Malia v. Gen. Elec. Co.*, 23 F.3d 828, 830 (3d Cir. 1994).  We accept as true all factual allegations in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).  We may affirm only if it is certain that no relief could be granted under any set of facts which could be proven.  *Id.*

## II.  Discussion

The factual background of this action, which is lengthy and complicated, was thoroughly discussed by the District Court and is known to the parties.  Accordingly, we will focus in this opinion on the rationale for our decision.

2

The Appellants in this matter – Leonard Pelullo; the Peter D. Pelullo Trust and the Arianna G. Pelullo Trust (collectively, "Pelullo Trusts"); Peter F. Pelullo, trustee of the Pelullo Trusts; and six corporations and/or businesses all owned, operated, and controlled by the Pelullo Trusts (G.I.I. Enterprises, Inc., Growth Financial Corporation, Olympia Resource Corporation, Olympia Holding Corporation, OHA, Inc., and One Plaza Corporation) (collectively, "Plaintiffs") – brought civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims under 18 U.S.C. § 1962(c) and (d) against an insurance company, and several attorneys and law firms who previously represented Plaintiffs in various business transactions and civil and criminal matters (collectively, "Defendants").[1] Plaintiffs alleged a hub-and-spoke conspiracy between National Union and the other Defendants "whose goal was to avoid or reduce criminal and civil liability for the law firms' and attorneys' misconduct and breaches of fiduciary duty committed in connection with their representation of Mr. Pelullo and the Pelullo Trusts, which in turn would limit National Union's exposure as the law firms' insurer." (Appellants' Br. at 7.)

---

[1]The Defendants previously aligned themselves into four broad groups: (i) the "National Union Defendants," which include the National Union Fire Insurance Co. of Pittsburgh, Pa.; the law firm of D'Amato & Lynch and two of its partners, Richard George and Alfred D'Agostino; the law firm of Lewis, D'Amato, Brisbois & Bisgaard LLP; and the law firm of Alston & Bird LLP and its attorney Theodore J. Sawicki; (ii) the law firm of Wilentz, Goldman & Spitzer ("Wilentz") and its partner Kenneth Falk; (iii) the law firm of Adorno & Zeder, P.A., one of its partners, Hank Adorno, and another of its attorneys, Fred Schwartz; and (iv) the law firm of Kerr, Russell, Weber, P.L.C. and one of its attorneys, Robert Gissell ("Kerr Firm Defendants"). Notably, Plaintiffs have withdrawn any appeal as against Alston & Bird LLP and its attorney, Theodore Sawicki.

The District Court dismissed Plaintiffs' Second Amended Complaint against the National Union and Kerr Firm Defendants finding that Plaintiffs' RICO claims were barred by the statute of limitations. The District Court also dismissed Plaintiffs' Second Amended Complaint against the remaining Defendants for failure to allege facts supporting an inference of proximate causation between the Defendants' actions and Plaintiffs' alleged injuries.

On appeal, Plaintiffs contend that the District Court erred in its determination that their claims were time-barred, arguing that because the National Union and Kerr Firm Defendants fraudulently concealed their activity comprising the alleged "hub-and-spoke" conspiracy, the statute of limitations should be equitably tolled. Plaintiffs additionally argue that the District Court erred in its determination that Plaintiffs lacked standing to assert their RICO claims and thus failed to state any claims under either 18 U.S.C. § 1962(c) or (d) against the remaining Defendants.

A four-year statute of limitations is applied to civil RICO claims. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143 (1987). The injury discovery rule controls as to when the statute of limitations begins to run on a civil RICO claim. *Rotella v. Wood*, 528 U.S. 549 (2000). That rule requires the statute to begin running when the plaintiff knew or should have known of his injury. *Id.* Plaintiffs do not dispute that they waited more than four years before instituting their lawsuit, but instead argue that the Defendants' fraudulent concealment of the existence of a RICO claim tolled the four-year

4

limitations period and therefore preserved Plaintiffs' right to file suit. Plaintiffs have failed, however, to allege facts sufficient to support a claim of fraudulent concealment.

To establish fraudulent concealment for purposes of equitable tolling, a plaintiff must prove three necessary elements – (1) "'active misleading'" by the defendant; (2) which prevents the plaintiff from recognizing the validity of her claim within the limitations period; (3) where the plaintiff's ignorance is not attributable to her lack of "'reasonable due diligence in attempting to uncover the relevant facts.'" *Matthews v. Kidder, Peabody & Co.*, 260 F.3d 239, 256 (3d Cir. 2001) (citing *Forbes v. Eagleson*, 228 F.3d 471, 486-88 (3d Cir. 2000)). Even assuming, as the District Court did, that the National Union and Kerr Firm Defendants actively misled Plaintiffs, consistent with the first prong of the *Matthews* analysis, Plaintiffs have failed to allege any facts which support an inference that such active misleading prevented them from recognizing the validity of their claims within the four-year statutory period or that the Plaintiffs' ignorance was not attributable to their own lack of reasonable due diligence. "[W]hile our standard of review requires us to accept as true all factual allegations in the complaint, we need not accept as true unsupported conclusions and unwarranted inferences." *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n.12 (3d Cir. 2000) (internal citations omitted). Because Plaintiffs have submitted only unsupported conclusions, not actual facts sufficient to support a claim of fraudulent concealment of their RICO claims, the statutory period will not be equitably tolled.

5

As to Plaintiffs' second contention, i.e., that the District Court erred in its decision to grant the remaining Defendants' motions to dismiss, the Court finds Plaintiffs' averments to be similarly lacking. RICO is primarily a criminal statute, however, it also provides for civil remedies, including a cause of action for treble damages, available to "[a]ny person injured in his business or property by reason of a violation of section 1962 . . . ." 18 U.S.C. § 1964(c); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 789 (3d Cir. 1984). Thus, in addition to Article III constitutional and prudential standing requirements, a plaintiff seeking recovery under RICO must satisfy these additional criteria set forth in section 1964(c). *Maio*, 221 F.3d at 482-83. "Extrapolating from this language, we read section 1964(c) as requiring a RICO plaintiff to make two related but analytically distinct threshold showings relevant in this appeal: (1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." *Id.* at 483 (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 767 (2d Cir. 1994)).

Upon review of the record, it is clear that Plaintiffs have not alleged facts sufficient to support an inference of proximate causation between Defendants' actions and Plaintiffs' injuries. Plaintiffs allege injuries to their business and property due to Defendants "subjecting them to a combination of criminal fines, restitution, and forfeitures, extensive civil litigation, coerced settlements, civil judgments, and ruinous

6

attorney fees so as to limit their financial and criminal liability." (Appellant's Br. at 8.) The facts alleged, however, do not support an inference of a nexus between these specific activities and Plaintiffs' alleged injuries. Accordingly, because Plaintiffs have not shown proximate causation, they lack standing to assert their RICO claims against these Defendants and have failed to state claims under either 18 U.S.C. § 1962(c) or (d). *See Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 921 (3d Cir. 1999) (dismissing action for failure to state a claim where plaintiff failed to satisfy proximate causation requirements); *Anderson v. Ayling*, 396 F.3d 265, 271 (3d Cir. 2005) (same).

For these reasons, we will affirm the judgment of the District Court dismissing Plaintiffs' claims.